# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
04/18/2024
CT Log Number 546233335

## Service of Process Transmittal Summary

**TO:**     Maria Bustamante, Paralegal-Litigation
            United Airlines, Inc.
            609 MAIN STREET, 16TH FLOOR/HSCPZ
            HOUSTON, TX 77002-3167

**RE:**     **Process Served in New Jersey**

**FOR:**    United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AARON DOMINICK OLDHAM // To: United Airlines, Inc. |
| **CASE #:** | ESXL00260024 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/18/2024 at 14:20 |
| **JURISDICTION SERVED:** | New Jersey |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 820 Bear Tavern Road |
| | West Trenton, NJ 08628 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Apr 18, 2024
**Server Name:**                Drop Service

| Entity Served | United Airlines INC., |
|---|---|
| Case Number | ESXL00260024 |
| Jurisdiction | NJ |

| Inserts | | |
|---|---|---|
| | | |



JAROSLAWICZ & JAROS PLLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
Elizabeth Eilender, Esq. (Attorney no. 021741992)
*Attorneys for Plaintiff*

-------------------------------------------------------x

AARON DOMINICK OLDHAM,

                        Plaintiff,

       -against-

UNITED AIRLINES INC.

                       Defendant.

-------------------------------------------------------x

**SUPERIOR COURT
OF NEW JERSEY**

LAW DIVISION
ESSEX COUNTY
DOCKET NO.: L-002600-24

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To Defendant Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov..

                                      *Michelle M. Smith*
                                      Michelle M. Smith
                                      Clerk of the Superior Court

DATED:     April 15, 2024

**Name/address of Defendant to Be Served:**

United Airlines, Inc.
233 South Wacker Drive, Chicago, IL 60606 and
c/o The Corporation Trust Company 820 Bear Tavern Road, West Trenton, NJ 08628

JAROSLAWICZ & JAROS PLLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
Elizabeth Eilender, Esq. (Attorney no. 021741992)
Attorneys for Plaintiff

-----------------------------------------------------------X
AARON DOMINICK OLDHAM,

                    Plaintiff,

       -against-

UNITED AIRLINES INC.,

                  Defendant.
-----------------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY

DOCKET NO.:

Civil Action

COMPLAINT, JURY DEMAND,
DESIGNATION OF TRIAL COUNSEL
and CERTIFICATION PURSUANT TO
R. 4:5-1 (b)(2)

      Plaintiff, AARON DOMINICK OLDHAM as and for his Complaint against the

defendant, alleges as follows:

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

      1.     At all times hereinafter mentioned the plaintiff is a citizen of McAlester,

Oklahoma.

      2.     At all times hereinafter mentioned, defendant, UNITED AIRLINES, INC.

("UNITED") is a foreign corporation incorporated under the laws of the State of Delaware

authorized to do business and doing business in Essex County in the State of New Jersey.

      3.     At all times hereinafter mentioned, UNITED is a common carrier engaged in the

business of transporting passengers for hire by air and conducts its operations in and out of

Newark Liberty International Airport ("EWR") as its self-described "New York area hub" which

is located in Essex County.

      4.     United claims to be "One of New Jersey's Leading Private Employers" with over

14,000 local employees. *See,* **Exhibit A** and United's <u>website</u>. (last visited 4/12/24).

5. United boasts that it has a "State-of-the-Art Terminal" with seventeen gates in the new $2.7 Billion Terminal A as well as United Club locations in Terminals A and C which are the "biggest" in the network with hundreds of seats, spa-like shower suites and barista-staffed coffee shops, in EWR. *See*, **Exhibit A** and United's website. (last visited 4/12/24).

6. New Jersey's EWR is United's "Global Gateway for the Tri-State Area" with more than 400 daily flights to 150+ domestic and international destinations. *See*, **Exhibit A** and United's website. (last visited 4/12/24).

7. Plaintiff purchased an international airline ticket from defendant to travel from Honolulu, Hawaii, USA (HNL) to Medellín, Colombia (MDE), Confirmation # EJQNZ7.

8. There were three legs to the voyage: HNL to Los Angeles, California, USA (LAX) then LAX to Panama City, Panama (PTY) and finally from PTY to Medellin Colombia (MDE). A copy of plaintiff's Itinerary is annexed as **Exhibit B**.

9. On February 4, 2024 ("DOI") plaintiff was a ticketed fare-paying passenger lawfully aboard the leg of the international trip from HNL to LAX, Flight number: UA1169 ("subject flight"). A copy of plaintiff's Boarding Pass is annexed as **Exhibit C**.

10. On or about the DOI, defendant United employed a flight crew about the subject flight who were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

11. On or about the DOI, the subject flight was conducted on an aircraft owned, leased, operated, staffed or otherwise controlled by defendant United.

12. On or about the DOI, defendant United was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

13.     On or about the DOI, while seated aboard the subject aircraft, plaintiff was injured as a result of an onboard incident.

14.     Due to defendant's recklessness, carelessness and gross negligence, plaintiff was caused to be injured when a flight attendant collided in the aisle with a passenger who had stood up during the flight and was accessing the overhead luggage bin. Due to the collision between the flight attendant and the other passenger, a heavy bag fell, unabated, onto plaintiff who was asleep in an aisle seat. The bag struck plaintiff's head and neck whereupon plaintiff immediately awoke and shouted out in extreme pain.

15.     The flight crew brought plaintiff ice due to his complaints of intense headaches, drowsiness, confusion and dizziness.

16.     Because plaintiff's condition was spiraling downwards and plaintiff was experiencing extreme nausea, the flight crew asked over the public address system if there was a doctor on board. A female doctor came to plaintiff's aid and diagnosed him with a concussion. Plaintiff was feeling very ill and his blood pressure was dangerously high especially for a healthy and physically fit forty year-old.

17.     This action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999, ("The Montreal Convention").

18.     Plaintiff's travel itinerary pursuant to the contract of carriage which forms the basis for this action was from the United States to Medellin, Colombia. (**Exhibit B**).

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Defendant, by its agents, servants, representatives and/or employees, was careless, reckless and negligent in failing to properly, adequately and safely secure the luggage in the overhead bin; in failing to train the flight attendant; in having a flight attendant not watch where they are moving so as to collide with a passenger; in having a flight attendant who was

-3-

not paying attention and was distracted; in permitting a passenger to stand up during food and beverage service and access the overhead bin; in failing to assist the passenger who was accessing the overhead bin during the flight so a bag would not fall out and crash onto the plaintiff's head; in failing to see what there was to see; in causing and/or permitting a bag to strike the plaintiff; in failing to prevent a bag from falling from the overhead bin onto plaintiff who was sitting asleep in his seat at the time of contact with the bag; in failing to hire and retain competent personnel and employees; in failing to properly and adequately supervise, monitor and train personnel and employees; in failing to have proper and adequate policies and procedures; the Incident and resulting injuries occurred through no fault of Plaintiff and instead, occurred because of improper conduct by defendant's employee in colliding with a passenger in the aisle and permitting and causing a heavy bag to fall onto plaintiff; and defendant was otherwise reckless, careless and grossly negligent.

20.    As a result of defendant's recklessness, carelessness and gross negligence, plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to a traumatic brain injury; severe amount of hyperintense T2 signal in the periventricular white matter confirmed on a head and brain MRI; diffuse hyperintense T2 foci throughout the subcortical and periventricular white matter; traumatically induced demyelinating disease; traumatically induced Multiple Sclerosis; brain inflammation; traumatically induced immune system response to brain inflammation and attack on brain myelin; extreme pain in head, neck and shoulders; intense headaches; unable to focus; double vision; blurry vision; floaters; unable to visually and cognitively focus; partial loss of vision; fatigue; unable to remain awake for more than 4 hours a day for two and a half months following the Incident; completely disabled from his activities of daily living and employment in solutions engineering; cognitive deficits; significant and continuing memory loss; dizziness; unable to focus; loss of depth perception; loss

of short term memory; unable to concentrate; balance issues; night terrors; anxiety; depression; fitful sleep; unable to attend to usual and customary duties and vocation including activities of daily living such as getting dressed and personal hygiene; unable to engage in activities such as running or jumping; requires extensive medical, cognitive and memory care and attention and will require such care in the future; required to take heavy doses of steroids and other medications to treat injuries sustained herein; extreme pain and suffering; emotional harm; mental anguish and distress; required hospital Emergency Room treatment and numerous radiological studies including CT scans and MRI's; vision tests; incurred and will continue to incur medical expenses for hospital and doctors; to the extent any of plaintiff's conditions may have been pre-existing, the Incident herein exacerbated and aggravated them; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

21.     As a result of the foregoing, defendant is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Convention.

22.     Pursuant to Article 17(1) of the Montreal Convention, United "is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

23.     No negligence, wrongful act or omission by Plaintiff contributed in any way to the injuries and/or damages that he sustained.

24.     Pursuant to Article 21 of the Montreal Convention, defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to plaintiff's resulting injuries.

25.     Pursuant to Article 21 of the Montreal Convention, defendant cannot meet its burden of proving that plaintiff's injuries were caused solely by the acts of third parties who were not its agents or contractors or otherwise performing an essential or necessary airline function.

26.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

## AS AND FOR A SECOND CAUSE OF ACTION

27.     Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

28.     Defendant was reckless, careless and negligence as set forth above.

29.     As a result of defendant's negligence, plaintiff was caused to suffer severe and permanent personal injuries as set forth above.

30.     By reason of the foregoing, plaintiff is entitled to recover all of his damages under common law.

WHEREFORE, plaintiff requests that the court enter judgment in his favor as against the defendant, in actual damages expected to exceed seventy-five thousand dollars ($75,000) together with interest, costs of suit and such other relief this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

JAROSLAWICZ & JAROS PLLC
*Attorneys for the Plaintiff*

Elizabeth Eilender,
*Of Counsel*
225 Broadway, 24th floor

-6-

New York, New York 10007
(212) 227-2780
EEilender@lawjaros.com

Dated: April 15, 2024

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

Elizabeth Eilender is hereby designated as trial counsel for plaintiff in accordance
with the R. 4:52-2.

JAROSLAWICZ & JAROS PLLC
*Attorneys for the Plaintiff*

Elizabeth Eilender,
*Of Counsel*
225 Broadway, 24th floor
New York, New York 10007
(212) 227-2780
EEilender@lawjaros.com

Dated: April 15, 2024

## CERTIFICATION PURSUANT TO R. 4:5-1 (b)(2)

The undersigned certifies, on information and belief, as follows:

1.      The matter in controversy is not the subject of any other action.

2.      There are no known parties who may be liable to any party on the basis of the

transaction or events which form the subject matter of this action that should be joined

pursuant to R. 4:28.

I certify that the foregoing statements made by me are true.  I am aware that if

any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Dated: April 15, 2024

Elizabeth Eilender
*Of Counsel*

-7-

# United's information page about its Newark/New York(EWR) hub

united.com/en/aw/newsroom/hub-airports/ewr.html

## Newark Liberty International Airport

## One of New Jersey's Leading Private Employers

14,000+ local employees

## State-of-the-Art Terminal

17 Gates in the new $2.7 billion Terminal A

## Game Day

Official airline of the New York Giants and the TCS New York City marathon, the largest marathon in the world

## Spacious United Club Locations

United Club locations in Terminals A and C are among the biggest in the network, with views of the Manhattan skyline, hundreds of seats, spa-like shower suites and barista-staffed coffee shops

## Giving Back to the Community

Nearly $3 million contributed to local non-profits, partners and organizations

## Global Gateway for Tri-State Area

400+ daily flights to 150+ domestic and international destinations

*Updated Nov. 2023*

# Exhibit A



## Get our latest news & updates delivered to your inbox

Get email alerts

## For media inquiries, please contact us at:

media.relations@united.com



**De : United Airlines, Inc. <unitedairlines@united.com>**
**Envoyé : 9 janvier 2024 21:22**
**À : Dumais_karine@hotmail.com <Dumais_karine@hotmail.com>**
**Objet : Your United reservation for Medellín, CO (MDE) is processing**

Add UnitedAirlines@news.united.com to your address book. See instructions.

Tuesday, 09 January, 2024

# Exhibit B

# Thank you for choosing United

Once we've finished processing your reservation, you'll receive a second email containing your eTicket itinerary so that you can request additional receipts, export to your calendar, check in, cancel, upgrade, email or print your itinerary. This may take up to 24 hours.

We're processing your reservation and will send you an eTicket Itinerary and Receipt email once completed. This process usually takes less than an hour, but in rare cases it could take longer. If you don't receive an eTicket Itinerary and Receipt email within 24 hours, please call the United Customer Contact Center

Confirmation number:

# EJQNZ7

Honolulu, HI, US (HNL)
to Medellin, CO (MDE)

Manage reservation

## Purchase summary

| | |
|---|---|
| 2 adults (18-64) | CA $686.20 |
| Taxes and fees | CA $144.80 |
| **Total** | **CA $831.00** |

Credit card payment: CA $831.00 (Visa-**0016)

## Trip summary

Sun, 04 Feb, 2024

| | | |
|---|---|---|
| UA 1169 | | 2 Connections |
| | | 29h 13m total |

| | | | |
|---|---|---|---|
| **10:20 pm** | **5:46 am** | | Duration: 5h 26m |
| Honolulu, HI, US (HNL) | Los Angeles, CA, US (LAX) | | United Economy (G) |
| | | | Snacks for Purchase |

| | | | | | |
|---|---|---|---|---|---|
| +1 day arrival | +1 day arrival | Long Layover | Change of Terminal | | Over Night |
| | | Long layover | Terminal change | | Over Night |

--------------------------------------------

15h 15m Layover

CM 382 Operated by Copa Airlines

---

**9:01 pm**

Los Angeles, CA, US (LAX)

**6:25 am**

Panamá City, PA (PTY)

Duration: 6h 24m
Economy (T)
Meal

| | +1 day arrival | | +1 day arrival | | Long Layover Long layover | | Change of Terminal Terminal change | Image removed by sender. advisory | | Over Night Over Night |

--------------------------------------------

45m Layover

CM 150 Operated by Copa Airlines

---

**7:10 am**

Panamá City, PA (PTY)

Image removed by Sender. plane

**8:33 am**

Medellín, CO (MDE)

Duration: 1h 23m
Economy (T)
Snack

Image removed by sender. advisory  Long Layover
Long layover

Change of Terminal
Terminal change

Image removed by sender. advisory  Over Night
Over Night

---

## Travelers

| Karine Dumais | HNL to LAX | 46A |
| | LAX to PTY | 30F |
| | PTY to MDE | 26A |

---

| Aaron Oldham | HNL to LAX | 46B |
| | LAX to PTY | 30E |
| | PTY to MDE | 26B |

---

**REAL ID requirement**

Do you have a REAL ID? Beginning May 7, 2025, every air traveler 18 and older will need a state-issued REAL ID-compliant license or identification card, or another acceptable form of ID (such as a passport), to fly within the United States. If you don't have a REAL ID, you'll need to use another acceptable form of identification, when flying within the U.S.

## Additional trip planning tools

- Baggage Policies: View current baggage acceptance allowances.
- Passport and Visa Information: International Travel Documentation requirements

## Carry-on baggage allowed

United accepts the following items, per customer to be carried on the aircraft at no charge:

- One carry-on bag no more than 45 linear inches or 114 linear centimeters
- One personal item (such as a shoulder or laptop bag)

Due to FAA regulations, operating carriers may have different carry-on requirements. Please check with the operating carrier for more information or go to united.com/baggage.

To determine the checked baggage allowance and service charges for each traveler, please check your eTicket receipt sent to the email address you provided.

united.com

Deals & offers

Reservations

Earn miles

My account

STAY CONNECTED

youtube | instagram

Copyright © 2024 United Airlines, Inc.All Rights Reserved

View our Privacy Policy.

E-mail Information
**Please do not reply to this message using the "reply" address.**
The information contained in this e-mail is intended for the original recipient only.

United MileagePlus
900 Grand Plaza Dr.
Houston, TX 77067 USA



**Boarding pass_HNL-LAX_Aaron.jpg**
227K



Exhibit C

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-002600-24**

**Case Caption:** OLDHAM AARON VS UNITED AIRLINES, INC.

**Case Initiation Date:** 04/15/2024

**Attorney Name:** ELIZABETH EILENDER

**Firm Name:** JAROSLAWICZ & JAROS PLLC

**Address:** 225 BROADWAY 24TH FL

NEW YORK NY 100070000

**Phone:** 2122272780

**Name of Party:** PLAINTIFF : Oldham, Aaron, D

**Name of Defendant's Primary Insurance Company**

**(if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Aaron D Oldham?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/15/2024
Dated

/s/ ELIZABETH EILENDER
Signed

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


              DATE:  APRIL 15, 2024
              RE:    OLDHAM AARON  VS UNITED AIRLINES, INC .
              DOCKET: ESX L -002600 24

   THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

   DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT H. GARDNER

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (973) 776-9300 EXT 57110.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
              ATTENTION:

                       ATT: ELIZABETH EILENDER
                       JAROSLAWICZ & JAROS PLLC
                       225 BROADWAY 24TH FL
                       NEW YORK       NY 10007


ECOURTS
```