IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON DOMINICK OLDHAM,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　　　　Defendant. | Case No. 24-cv-07252<br><br>Judge Edmond E. Chang |

### JOINT INITIAL STATUS REPORT

Plaintiff AARON DOMINICK OLDHAM ("Plaintiff") and Defendant UNITED AIRLINES, INC. ("United"), by their respective counsel, submit their Joint Initial Status Report pursuant to the Court's September 27, 2024, Minute Order [Doc. No. 18] and this Court's Case Procedures.

**1. NATURE OF THE CASE**

　　a. <u>Identify the attorneys of record for each party, including the lead trial attorney.</u>

*Attorneys for Plaintiff*
*Aaron Dominick Oldham:*

Elizabeth Eilender (lead trial attorney)
*Pro hac vice accepted*
Jaroslawicz & Jaros, PLLC
225 Broadway, 24th Floor
New York, NY 10007
(212) 227-2480
EEilender@lawjaros.com

John K. Kennedy
Kennedy Watkins LLC
350 N. Orleans St., Suite 9000N
Chicago, IL 60654
(312) 448-8181
jkennedy@kwlawchicago.com

*Attorneys for Defendant*
*United Airlines, Inc.:*

Telly Andrews (lead trial attorney)
tandrews@kmazuckert.com
Kelly Nicole Flavin
kflavin@kmazuckert.com
Patrycia Piaskowski
ppiaskowski@kmazuckert.com
KMA Zuckert LLP
227 W. Monroe St., Suite 3650
Chicago, IL 60606
(312) 345-3000

b. <u>State the basis for federal jurisdiction</u>.

Federal jurisdiction is predicated on Plaintiff's claim under the Convention for the Unification of Certain Rules of International Carriage by Air ("Montreal Convention"), as ratified by the United States Senate on July 31, 2003. 149 Cong. Rec. 20, 813 (2003); *see* U.S. Const. Art. VI, Cl. 2 (a ratified treaty becomes the "supreme law of the land"). Furthermore, diversity jurisdiction exists under 28 U.S.C. § 1332, as Plaintiff is a resident of Oklahoma, while United is incorporated in Delaware with its principal place of business in Illinois, and the amount in controversy exceeds $75,000.00.

c. <u>Describe the nature of the claims asserted in the complaint and any counterclaims</u>.

Plaintiff brings this action pursuant to the Montreal Convention for personal injuries sounding in negligence. On February 4, 2024 ("DOI"), Plaintiff was a ticketed fare-paying passenger onboard United Flight No. 1169 from Daniel K. Inouye International Airport ("HNL") in Honolulu, Hawaii, to Los Angeles International Airport ("LAX") in Los Angeles, California ("subject flight"). Plaintiff alleges that another passenger stood up during food and beverage service to access the overhead bin and a flight attendant subsequently collided with said passenger, allegedly causing the passenger to drop the passenger's bag onto the Plaintiff (the "Incident"). As a result of the Incident, Plaintiff alleges he suffered severe and permanent personal injuries.

United denies Plaintiff's allegations of recklessness, carelessness, and negligence, and also denies the extent of Plaintiff's injuries. United further alleges that any injuries or damages Plaintiff sustained were due to the acts of persons or entities outside of United's control or supervision, and asserts affirmative defenses such as Plaintiff's comparative fault, the express terms of the Montreal Convention, and Plaintiff's failure to mitigate his damage. Further, United states that the precise

2

nature and circumstances of the Incident as alleged in Plaintiff's Complaint are subject to further discovery and investigation.

    d.   <u>State the major legal and factual issues in the case</u>.

United denies liability under the Montreal Convention and further states that any injuries Plaintiff allegedly suffered was due to the negligence or acts of a third party. United further disputes the extent of Plaintiff's alleged injuries.

    e.   <u>Describe the relief sought by the plaintiff (and counter-claimant)</u>.

As a result of the incident, plaintiff sustained profound and permanent personal injuries including but not limited to traumatic brain injury confirmed on a head and brain MRI; traumatically induced demyelinating disease; traumatically induced Multiple Sclerosis; brain inflammation; traumatically induced immune system response to brain inflammation and attack on brain myelin; extreme pain in head, neck and shoulders; intense headaches; unable to focus; vision disturbances; extreme fatigue; steroid induced psychosis requiring in-patient hospitalization; completely disabled from his activities of daily living including personal care and hygiene and employment in solutions engineering; cognitive deficits; memory loss; dizziness; loss of depth perception; loss of short term memory; balance issues; night terrors; anxiety; depression; fitful sleep; requires extensive medical, cognitive and memory care and attention and will require such care in the future; extreme pain and suffering; emotional harm; mental anguish and distress; required hospital treatment and numerous radiological studies including CT scans and MRI's; vision tests and will require such are in the future; incurred and will continue to incur medical expenses for hospital and doctors all of which damages are permanent in nature and continuing into the future.

3

Plaintiff seeks damages in the following categories:

| | |
|---|---|
| Past pain and suffering: | To be determined by a jury. |
| Future pain and suffering: | To be determined by a jury. |
| Past medical expenses: | At least $165,000 to date and continuing which Plaintiff believes may be subject to a lien to be obtained and provided. |
| Future medical expenses: | Currently unknown and is expected to be the subject of expert testimony. |
| Past lost earnings: | To be provided |
| Future loss of earnings: | Currently unknown and is expected to be the subject of expert testimony. |
| Out-of-pocket expenses: | To be provided. |

**2. PENDING MOTIONS AND CASE PLAN**

a. **Important:** State the status of service of process on each defendant.

United has been served.

b. Identify all pending motions.

There are no pending motions.

c. Submit a proposal for a discovery plan, including the following information:

   i. *The general type of discovery needed.*

   - Plaintiff to respond to United's written discovery requests served on September 13, 2024;
   - United to respond to Plaintiff's written discovery request served on September 16, 2024;
   - Obtain Plaintiff's medical records (record subpoenas have been issued);
   - Depositions of all parties and potential non-party witnesses;
   - Depositions of Plaintiff's treating physicians; and
   - Possible expert discovery.

4

  ii. *A date for Rule 26(a)(1) disclosures.*

Plaintiff served his Rule 26(a)(1) Initial Disclosures on September 24, 2024. United will serve its Rule 26(a)(1) Initial Disclosures by **October 16, 2024**.

  iii. *A date to issue the first set of written discovery requests.*

The parties have already exchanged their first sets of written discovery requests.

  iv. *A fact discovery completion date.*

**March 28, 2025**.

  v. *If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports (or summaries for non-retained expert testimony).*

Although the Parties mostly agree on a proposed expert discovery schedule, the Parties disagree on the timing of expert depositions. On October 2, 2024, counsel for Plaintiff and Defendant engaged in a meet and confer via telephone in hopes of resolving the issue but reached an impasse. Accordingly, Plaintiff and Defendant set forth their respective position and proposed schedule below.

**Plaintiff's Position:**

Plaintiff requests that the following expert discovery schedule be entered:

- Plaintiff is to provide Rule 26(a)(2) disclosures by **April 30, 2025**, and the experts are to be deposed by **July 30, 2025**;

- Defendant to provide Rule 26(a)(2) disclosures by **May 30, 2025**, and the experts are to be deposed by **July 30, 2025**;

- Rebuttal disclosures (if any) are due by **August 20, 2025**; and

- All expert discovery is to be completed by **September 3, 2025**.

Plaintiff respectfully requests that the Court enter the expert discovery schedule set forth above which provides for the exchange of both plaintiff's and

5

defendant's expert reports before any expert depositions take place. We believe it is the more efficient way to proceed. Plaintiff has no objection to producing their expert reports first and for their depositions to take place before the defense experts are deposed. We believe it would be judicially economical and fundamentally fairer to proceed this way. The defense will have plaintiff's expert's opinions in their report(s) before their deposition. Ordinarily, Plaintiff would have the opportunity to submit a reply expert report and so if plaintiff is in possession of defendant's expert report prior to their deposition, it may obviate the need for a reply expert report from plaintiff and possibly a second deposition of plaintiff's expert. It actually may be of more value to the defense to depose plaintiff's expert and hear their rebuttal to the defense expert's report(s) sooner rather than later and certainly before their own expert is deposed.

Moreover, we believe the prejudice to which defendant is insinuating below is negligible. While not binding on this Court, Plaintiff's proposed order for expert discovery mirrors the process as set forth in another Montreal Convention action pending in this District between identical counsel herein and no objection was raised in that case before the U.S. District Court in New Jersey or after the action was transferred to this Court.

Plaintiff is available at the Court's discretion to orally address this dispute if the Court so directs.

**Defendant's Position:**

Defendant opposes Plaintiff's proposed expert discovery schedule because both Plaintiff's Rule 26(a)(2) disclosures <u>and</u> the depositions of those experts

6

should take place before Defendant is required to provide their disclosures and offer their experts for deposition. Plaintiff has the burden of proof in establishing liability, and to implement an expert discovery schedule that does not require Plaintiff's experts to be deposed prior to Defendant's Rule 26(a)(2) disclosures would impermissibly place the burden on Defendant by requiring it to preemptively produce expert opinions in opposition to what Plaintiff may put forth. Frequently, it is necessary for the party without the burden of proof to explore the opposing party's expert's opinions during deposition, as opposed to relying on their report, to obtain the full scope of the expert's opinions (as well as the basis for those opinions) in order to disclose a responsive report. Additionally, a defendant may not know that an expert in a particular area is even needed until the depositions of the plaintiff's experts have been completed.

Moreover, to the extent Plaintiff suggests that his proposed expert discovery schedule is not prejudicial to Defendants due to a similar expert schedule entered in an unrelated case, Defendant respectfully notes that the schedule referenced was initially entered by the U.S. District Court for the District of New Jersey prior to the case being transferred to this District, and that case involves an entirely different set of facts and alleged injuries.

Thus, for the sake of fairness and efficiency, Defendant requests that the following expert discovery schedule be entered:

- Plaintiff is to provide Rule 26(a)(2) disclosures by **April 30, 2025**, and the experts are to be deposed by **May 30, 2025**;

- Defendant is to provide Rule 26(a)(2) disclosures by **June 30, 2025**, and the experts are to be deposed by **July 30, 2025**;

- Rebuttal disclosures (if any) are due by **August 20, 2025**; and
- All expert discovery is to be completed by **September 3, 2025**.

    vi. *A date for the filing of dispositive motions.*

**October 15, 2025**.

d. State whether a jury trial is requested and the probable length of trial.

Plaintiff demands a trial by jury. The parties still have an extensive amount of discovery to complete and anticipate that this matter will be ready for trial in the Winter of 2025. Furthermore, the parties expect the trial will last five to seven days.

e. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

3. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

a. State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.

Counsel have informed their respective clients about the possibility of proceeding before a Magistrate Judge for all purposes, including entry of a final judgment. The parties do not unanimously consent to proceed before a Magistrate Judge for all purposes, including entry of a final judgment.

4. **STATUS OF SETTLEMENT DISCUSSIONS**

a. State whether any settlement discussions have occurred.

No meaningful settlement discussions have taken place to date.

b. Describe the status of any settlement discussions.

No meaningful settlement discussions have taken place at this time.

  c. <u>Whether the parties request a settlement conference</u>.

  At this time, the parties would like the opportunity to complete discovery prior to engaging in a settlement conference before this Court.

| | |
|---|---|
| Dated: October 7, 2024 | Dated: October 7, 2024 |
| Respectfully submitted, | |
| JAROSLAWICZ & JAROS, PLLC | KMA ZUCKERT LLP |
| By: /s/ Elizabeth Eilender<br>  Elizabeth Eilender (lead trial attorney)<br>  *Pro hac vice Application granted*<br>  Jaroslawicz & Jaros, PLLC<br>  225 Broadway, 24th Floor<br>  New York, NY 10007<br>  (212) 227-2480<br>  eeilender@lawjaros.com<br><br>  John K. Kennedy<br>  Kennedy Watkins LLC<br>  350 N. Orleans St., Suite 9000N<br>  Chicago, IL 60654<br>  (312) 448-8181<br>  jkennedy@kwlawchicago.com<br><br>Attorneys for Plaintiff<br>AARON DOMINICK OLDHAM | By: /s/ Kelly N. Flavin<br>  Telly Andrews<br>  Kelly N. Flavin<br>  Patrycia Piaskowski<br>  KMA Zuckert LLP<br>  227 W. Monroe St., Suite 3650<br>  Chicago, IL 60606<br>  (312) 345-3000<br>  tandrews@kmazuckert.com<br>  kflavin@kmazuckert.com<br>  ppiaskowski@kmazuckert.com<br><br><br><br><br><br><br>Attorneys for Defendant<br>UNITED AIRLINES, INC. |